REQUESTED BY: Senator David Landis Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Landis:
You have asked our opinion as to the constitutional validity of a proposed bill that would provide for a five percent discount on real estate taxes if paid on or before April 1 in counties having a population of more than 100,000 and less than 200,000, or on or before May 1 in all other counties.
The April 1 and May 1 dates are apparently taken from Neb.Rev.Stat. § 77-204 (Reissue 1981), and are intended to represent the first delinquent dates for real estate taxes. We note, however, that the proposed bill apparently overlooks the fact that the delinquency dates for real estate taxes in counties having a population of more 200,000 is also April 1.
In our opinion the proposed bill would violate ArticleVIII, Section 4, of the Nebraska Constitution, which provides, with the exceptions not relevant here, that the Legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, from their proportionate share of taxes due any municipal corporation, `nor shall commutation of such taxes be authorized in any form whatever.'
The case of Steinacher v. Swanson, 131 Neb. 439,268 N.W. 317 (1936), contains a discussion of the word `commutation,' as used in Article VIII, Section 4, and this language:
 From an examination of the definitions of the word `commutation' hereinbefore set out, and the use of the words `in any form whatever,' contained in our constitutional provision, it is quite apparent that the legislature is prohibited by the Constitution from changing the method of payment of any tax once levied. Clearly, under this constitutional provision, the legislature cannot reduce the amount of the tax, extend the time of payment, or in any manner change the method of payment.
The proposed bill would reduce the amount of the tax, and so would, in our opinion, come squarely within the language of the above case. We therefore do not believe such a provision could be successfully defended against constitutional attack.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General